UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-58-HRW

ROY McDANEL                                                                                    PLAINTIFF

VS:                      **MEMORANDUM OPINION AND ORDER**

VISTA BAKERY, INC, a LANCE COMPANY                                 DEFENDANT

Roy McDanel, who is currently confined in the Eastern Kentucky Correctional Complex ("EKCC") located in West Liberty, Kentucky, filed a prisoner *pro se* civil rights action [Record No. 2]. He named the Vista Bakery Inc, a Lance Company, P.O. Box 888, Burlington, Iowa, 52601-0888, ("Vista") as the defendant. The plaintiff has also filed a "Motion to proceed *in forma pauperis*" [Record Nos. 3], which the Court has addressed by separate Order.

The plaintiff alleges in his complaint federal jurisdiction based on 28 U.S.C. § 1367. Giving the complaint a broad interpretation, however, it would appear that the plaintiff actually basis his claim on diversity of citizenship, which is set forth in 28 U.S.C. § 1332.

The claim appears to be one of negligence. The complaint contains a facial allegation of diversity of citizenship and amount in controversy. Venue considerations under 28 U.S.C. § 1391(a) appear to be satisfied to the extent that the plaintiff alleges that the Eastern District of Kentucky is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred (*i.e.* where the plaintiff ingested the allegedly contaminated food product and where he sustained his physical injury).

ALLEGATIONS OF THE COMPLAINT

In his Complaint, Plaintiff McDanel alleged that the defendant manufactured defective snack food products, specifically crackers, which contained foreign objects.[1] He claims that when he ingested a cracker sandwich food product manufactured by Vista, he became ill and developed blisters on his lips. He further alleged that he experienced mental distress as a result of consuming the crackers, claiming that he now suffers from an eating disorder and a phobia of eating crackers. He states that he wrote a letter to the Vista about the crackers, which he claims were contaminated with hair strand(s). The plaintiff demands $100,000.00 in damages.

DISCUSSION
1. Authority to Screen

The complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Under 28 U.S.C. § 1915(e)(2) a district court can dismiss a case at any time if it determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. For the reasons to be discussed below, the instant complaint will be dismissed.

2. Plaintiff's Exhibits [Record No. 10]

The plaintiff alleges in his Complaint that he discovered hair in his Vista crackers. He apparently wrote Vista to convey his complaints about the cracker product, as he attached to his construed Amended Complaint [Record No. 10] an acknowledgment letter from the Vista Bakery, Inc., [*Id.*, letter dated 5/29/07]. In that letter, the Vista Customer Service Representative

---

[1] It appears that the Vista food product at issue is the variety which contained peanut butter sandwiched in between two crackers.

stated as follows:

> We have received notification regarding our Vista Saltine Crackers in which you found hair baked in the cracker. If you still have the material that was found, please send it or some proof of the incident to our facility for further investigation.

[*Id*.].

The plaintiff also attached to his construed amended complaint a series of medical records. He asserts that these medical records support his allegations that his ingestion of the hair-contaminated Vista crackers caused him to suffer blisters and other physical problems in his facial area.  Of significance is the Kentucky Department of Corrections/EKCC medical record dated May 25, 2007 [Record No. 10-5].   Violet Barker, R.N., made the following electronic notation on that date:

> Notes:
> NSC-stated started breaking out right after eating crackers, **allergic to peanuts**. Denies SOB. No swelling noted. Red rash noted on upper torso. Stated blisters on lips appeared after eating crackers. Benadryl50 mg po now and at 8pm tonight.

[*Id*].(Emphasis Added).

The plaintiff appears to have written a lengthy response to that medical entry on the same page.  One relevant passage of his response states as follows:

> Note I am not allergic to peanut butter. **I have a problem when peanuts get into a molar hole & internal aggravation**. Also, the blisters spread to my nose and kept spreading till I got antibiotics, I had to use tweezers sterilized to remove from the open sores puss balls so they would heal and ease the pain . . . .

[*Id*].(Emphasis Added).

Dr. Eric Bergman made the following electronic medical entries on June 26, 2007:

Subjective: Followup of nasal infection with Lt alar swelling 6/12/2007,

3

> **presumed triggered by plucking intranasal hairs**. Condition resolved with conservative topical management to this date, now asymptomatic. Has not had [annual male] exam with blood work, concerned about lipids specifically. . .
>
> Assessment /Plan:
> Assessment/Plan: IMP: **Healed Intranasal Lt Vestibular Folliculitis. Hx aggressive plucking removal of nasal vestibular hairs.** Mild hypercholesterolemia per labs yr 2006. PLANS: **Counselling on dangers of hair removal by plucking**. . . .

[Record No. 10-7, p.1-2] (Emphasis Added).

On July 10, 2007, Dr. Bergman made the following electronic notations in Plaintiff McDanel's medical chart:

> I/M says that he noted swelling over the past 24 hours in the Left medial eyelid skin area **after manipulating a small white hard with '"tweezers" he's used before to do the same thing previously in both perlorbital skin areas**. Nose is not stuffy or increased PND or intranasal crusting. . . .
>
> PLANS: **STOP tweezers manipulation of facial/other areas ASAP!!** Start EES or Equivalent 500 mg PO QID x 14 Days. Heat packs as instructed by nurse TID. RTC check eyes 2 days.

[Record No.10-8, p.1] (Emphasis Added).

### 3. Analysis of Claim

A *pro se* plaintiff is afforded some leniency. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). That rule is limited by the provision that a district court must dismiss a case at any time if it determines the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Assigning the greatest possible latitude to the plaintiff's claims, the Court determines that his underlying claim is frivolous and must be dismissed.

4

To establish a claim of negligence under Kentucky law, a plaintiff must establish that the defendant had a duty to perform, that the defendant failed to perform the duty, and that as a direct result of the failure, the plaintiff was harmed. In essence, the plaintiff must demonstrate "causation." *See Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992); *Rich For Rich v. Kentucky, Country Day, Inc.*, 793 S. W. 2d 832, 834 (Ky. App. 1990); and *M&T Chemicals v. Westrick*, 525 S. W. 2d 740 (Ky. 1974).

Here, the plaintiff alleges in his Complaint and Amended Complaint that he ingested a foreign object - -human hair- - when he ate Vista peanut butter crackers. He essentially contends that Vista owed him a duty of producing peanut butter crackers containing no strands of human hair. Plaintiff alleges that Vista negligently breached that duty when it allowed the crackers containing the hair strand to be distributed for consumption. Plaintiff claims that the ingestion of the hair in the crackers caused him to suffer: (1) blisters on his lips and (2) an allergic reaction in his nasal passages and other facial areas requiring the use of antibiotics.

However, the plaintiff's own medical records attached to Record No. 10 refute that the ingestion of a strand of human hair caused the physical problems documented in his medical records. As noted, his medical records from May 25, 2007 reveal that the plaintiff suffers from an allergy to peanuts. Peanut butter is made from peanuts. The plaintiff concedes in his comments to that medical notation that he "does have a problem when peanuts get into molar hole & internal aggravation." [Record No.10-4].[2] Clearly, any medical problems which the

---

[2] **No** mention was made, in either the nurse's notes or the plaintiff's own handwritten response, about the discovery of the human hair in the Vista peanut butter crackers.

plaintiff experienced after ingesting the Vista peanut butter crackers was the result of his allergies to peanuts, not the consumption of a human hair strand.

As for the infection of the nose and eye area which subsequently manifested, the medical records again relate those reactions to another problem, not the ingestion of a human hair strand. The medical records reveal that the plaintiff's habit of aggressively plucking his nasal hairs caused vestibular folliculitis, defined as inflamation of the follicles of the hairs located in the vestibule of the inner ear. *See Webster's Medical Dictionary*, New Edition, 2006.

Similarly, the plaintiff's habit of using tweezers to remove a blemish around his eye area caused the other facial infection. Plaintiff was instructed by EKCC medical staff on June 26, 2007 and July 10, 2007 to refrain from plucking his nasal hairs and from using tweezers to remove blemishes from other areas of his face.

Title 28 U.S.C. § 1915(d), permits dismissal only if a petitioner cannot make any rational argument in law or fact entitling him to relief. *Neitzke v. Williams*, 490 U.S. 319, 319, 109 S.Ct. 1827 (1989). As lenient of standard as that is, the plaintiff's medical records refute his claim that Vista's alleged negligence caused the complained-of side-effects. While the plaintiff may have ingested a strand of hair while eating his Vista crackers, that did not cause the problems described in his medical records. The records reveal that the plaintiff suffered an allergic reaction to a peanut product, and that he plucked hairs in his nose and other facial blemishes.

Simply put, the element of "causation" needed to establish a claim of negligence is totally lacking in this case. Both the complaint and the amended complaint are frivolous and devoid of merit. Dismissal is appropriate. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697

(6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)    The plaintiff's Complaint [Record No. 2] and construed Amended Complaint [Record No. 10] are **DISMISSED** with **PREJUDICE**.

(2)    The plaintiff's "Motion to Introduce Evidence" [Record No. 8] is **DENIED** as **MOOT**;

(3)    The plaintiff's "Pro Se Motion for Order to Introduce Exhibits as Evidence and Admit into Complaint" [Record No. 10] is **DENIED** as **MOOT**;

(4)    This action [07-CV-58-HRW] be **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court.

(5)    Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This October 24, 2007.



Signed By:
Henry R Wilhoit Jr.
United States District Judge