UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-58-HRW

ROY McDANEL                                                                                        PLAINTIFF

VS:                        **MEMORANDUM OPINION AND ORDER**

VISTA BAKERY, INC, a LANCE COMPANY                                    DEFENDANT

Roy McDanel, who is currently confined in the Eastern Kentucky Correctional Complex ("EKCC") located in West Liberty, Kentucky, is the *pro se* plaintiff in this proceeding. He has filed a "Motion to Appeal and Reconsider" [Record No. 18]. Construed broadly, the motion appears to be one seeking relief under Fed. R. Civ. P. 59(e) (relief from judgment).

PROCEDURAL HISTORY

On May 29, 2007, the plaintiff filed this action against the Vista Bakery Inc, a Lance Company, P.O. Box 888, Burlington, Iowa, 52601-0888, ("Vista"). He claimed that Vista manufactured defective snack food products, specifically crackers, which contained a foreign object, a human hair. Plaintiff claims that when he ingested a cracker sandwich food product manufactured by Vista, he became ill and developed blisters on his lips. He further alleged that he experienced mental distress as a result of consuming the crackers, claiming that he now suffers from an eating disorder and a phobia of eating crackers. The plaintiff demanded $100,000.00 in damages from the defendant [Record No. 2-1, P. 6]

The plaintiff then filed a construed amended complaint [Record No. 10] to which he attached medical records. He alleged that the ingestion of the Vista crackers caused him to suffer

blisters and other physical problems in his facial area.

On October 24, 2007, the Court entered a Memorandum, Opinion and Order ("the Opinion and Order") [Record No. 13] and Judgment [Record No. 14], dismissing the Complaint and Amended Complaint, with prejudice. The Court will not recite its findings and conclusions here, as they are set forth in detail in the Opinion and Order.

Summarized, the Court cited to various notations in the plaintiff's medical records, made by the medical staff at the EKCC, and concluded that the plaintiff's complaints of physical injury and emotional distress were not caused by the consumption of a snack cracker containing a human hair. The Court determined that the plaintiff's initial complaints of May 25, 2007 [Record No. 10-5] were caused by the fact that the plaintiff had ingested a peanut butter snack food manufactured and sold by Vista and had experienced a reaction to a peanut product.

The Court then cited to other subsequent medical notations made on June 26, 2007. [Record No. 10-7, p.1-2] The medical staff noted on that date that the plaintiff had a habit of aggressively plucking his nasal hairs, which habit had caused him to develop vestibular folliculitis. The plaintiff was instructed to refrain from plucking his nasal hairs and from using tweezers to remove blemishes from other areas of his face, such as his eyelids. On July 10, 2007, Dr. Bergman noted that the plaintiff had been using tweezers to remove blemishes from his face. Dr. Bergman counseled the plaintiff to cease using tweezers to remove blemishes.

Based on this medical evidence which the plaintiff put into the record, the Court concluded that the plaintiff's problems, if any, manifested from a peanut butter allergy and the improper tweezing of facial blemishes, and not from the fact that he may have ingested a human

hair. In dismissing the complaint, the Court determined that under Kentucky case law, *Rich v. Kentucky, Country Day, Inc.*, 793 S. W. 2d 832, 834 (Ky. App. 1990) and *M&T Chemicals v. Westrick*, 525 S. W. 2d 740 (Ky. 1974), the element of causation was lacking.

<u>PLAINTIFF"S CURRENT MOTION [Record No. 18]</u>

The plaintiff claims that the Opinion and Order should be set aside based on the fact that he did not eat a peanut butter cracker. He claims he ingested a saltine cracker which did not contain a peanut product.

<u>DISCUSSION</u>

Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; and (3) to correct a clear error of law or to prevent manifest injustice. *Berridge v. Heiser*, 993 F. Supp. 1136, 1146-47 (S.D. Ohio 1997) (citing *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 1998 WL 288685 (6th Cir. June 5, 1998) (citing *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Here, the plaintiff does not satisfy the criteria of Rule 59(e). Even assuming that the plaintiff did not ingest a peanut-based product, the weight of the medical reports he has filed in this proceeding reveal that his facial irritations stemmed from the fact that he had been improperly tweezing his facial blemishes in direct contravention of the doctors' instructions.

The plaintiff alleged that he ingested a hair in a saltine cracker on May 25, 2007, which ingestion he claims caused him to suffer a reaction [Record No. 10-5, p.1]. The alleged after-

effect, if any, was short lived, as the plaintiff submitted no medical follow-up notes until June 13, 2007. At that time, the plaintiff was examined by medical staff, but his only medical complaint on that date pertained to vision issues - - long distance and reading problems [Record No. 10-6]. Thereafter, as this Court has already discussed, the medical staff diagnosed the plaintiff's facial problems as emanating from continued plucking and manipulation of facial blemishes by use of tweezers [Record Nos. 10-7, 10-8, 10-11].[1]

For these reasons, the Court will not alter or amend the Opinion and Order.

## CONCLUSION

The plaintiff's "Motion to Appeal and Reconsider" [Record No. 18], construed as a "Motion to Alter or Amend Judgment" under Fed. R. Civ. P. 59(e), is **DENIED**.

This February 26, 2008.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

---

[1] Even assuming that the cracker which the plaintiff ingested was simply a saltine cracker and not a peanut-butter cracker any reaction he may have suffered was temporary, insignificant (based upon medical records) and simply *de minimis*. *See Proctor v. 7-Eleven, Inc*. 180 Fed. Appx. 453, 2006 WL 1373177 (4th Cir., May 18, 2006) (not selected for publication in the Federal Reporter) (Under West Virginia law, property owners' claims that they had to leave their house on a couple of occasions for approximately one hour due to gasoline fumes, and that one property owner feared he might develop cancer if he continued to work on his property, were *de minimis* and unsubstantiated, and could not support personal injury claims against gasoline station and store manager).